IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUNEAL PRATT, | ) | CASE NO. 8:09CV223 |
| Petitioner, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| STATE OF NEBRASKA, ET AL., | ) | |
| Respondents. | ) | |

Petitioner filed a Petition for Writ of Habeas Corpus. (Filing No. 1.) The court has conducted an initial review of the Petition for Writ of Habeas Corpus to determine whether the claim made by Petitioner is, when liberally construed, potentially cognizable in federal court. Petitioner makes one claim.

Condensed and summarized for clarity, the claim[1] asserted by Petitioner is: Petitioner was denied due process and equal protection of the laws in violation of the Fourteenth Amendment *because* the Douglas County District Court and the Nebraska Supreme Court did not vacate Petitioner's conviction or order a new trial as required by the DNA Testing Act.

Liberally construed, the court preliminarily decides that the claim asserted by Petitioner is potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merit of this claim or any defenses to it or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

---

[1] Petitioner's Claim contains the claims set forth in the Petition as Grounds One through Four. (Filing No. 1 at CM/ECF pp. 6-11.)

Petitioner also seeks the appointment of counsel. (Filing No. 4.) "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). Thus, there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the Petition (Filing No. 1), the court preliminarily determines that Petitioner's claim is potentially cognizable in federal court;

2. Petitioner's Motion to Appoint Counsel (Filing No. 4) is denied without prejudice to reassertion;

3. The Clerk of the court is directed to mail copies of this Memorandum and Order and the Petition to Respondents and the Nebraska Attorney General by regular first-class mail;

4. By October 15, 2009, Respondent shall file a motion for summary judgment or state court records in support of an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: October 15, 2009: deadline for Respondent to file state court records in support of answer or motion for summary judgment;

5. If Respondent elects to file a motion for summary judgment, the following procedures shall be followed by Respondent and Petitioner:

   A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

   B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

   C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief shall be served upon Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record which are cited in the Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

   D. No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment. Petitioner shall submit no other documents unless directed to do so by the court.

   E. No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event that the Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

   F. If the motion for summary judgment is denied, Respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of the petitioner**;

6. If Respondent elects to file an answer, the following procedures shall be followed by Respondent and Petitioner:

A. By October 15, 2009, Respondent shall file <u>all</u> state court records which are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

B. No later than 30 days after the filing of the relevant state court records, Respondent shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondent's brief shall be served upon the petitioner at the time they are filed with the court *except* that Respondent is only required to provide the petitioner with a copy of the specific pages of the designated record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court.

E. No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: November 14, 2009: check for respondent to file answer and separate brief; and

7. No discovery shall be undertaken without leave of the court. *See* [Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*](#).

Dated this 1st day of September, 2009.

                                          BY THE COURT:

                                          s/Laurie Smith Camp
                                          United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.